Filed 2/1/16  P. v. Gonzalez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B263801 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA076763) |
| v. | |
| MAURICIO GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Higa,  Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Mauricio Gonzalez appeals from an order dismissing his petition to recall his sentence and for resentencing under Proposition 36, the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.)[1] The order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, defendant was convicted of second degree robbery and found to have suffered two prior strike convictions within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d) and a prior prison term within the meaning of section 667.5, subdivision (b). He received a state prison sentence of 30 years to life. He appealed from the judgment of conviction, which this court affirmed in 2005. (*People v. Gonzalez* (Sept. 22, 2005, B177682) [nonpub. opn.].)

In November 2012, the voters adopted Proposition 36, which amended the Three Strikes law by limiting the imposition of an indeterminate life sentence to those defendants whose third felony is defined as serious or violent under sections 667.5 or 1192.7. The initiative allowed those serving a life sentence for a third felony that is not defined by those sections as serious or violent to petition for a recall of sentence and request resentencing. (§ 1170.126, subd. (b).)

Defendant filed a petition to recall his sentence and for resentencing in October 2014. The trial court found him ineligible for resentencing because robbery is defined as a violent felony by subdivision (c)(9) of section 667.5. His petition was denied with prejudice, and this appeal followed.

Defendant's attorney filed a *Wende*[2] brief, stating that he had thoroughly reviewed the record to determine whether it contained any arguable issues. We issued a letter directing counsel to send the record and a copy of the opening brief to defendant, and inviting defendant to submit a supplemental brief or letter. We received no response from defendant.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

Having reviewed the record, we are satisfied that counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                       EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.